```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Joseph Kelley Levasseur

    v.                                    Case No. 06-cv-284-PB

United States Postal Service


### MEMORANDUM AND ORDER

Joseph Kelly Levasseur brings this action against the United States Postal Service ("USPS") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  Levasseur asserts that the USPS, acting through its employee David McCloskey, stole or intentionally hid his political campaign flyers in order to prevent the flyers from being delivered to voters before the November 2005 election in which Levasseur was running for public office.  The USPS now moves to dismiss the complaint on the ground that this court lacks subject matter jurisdiction to hear the claims asserted against it.  For the reasons set forth below, I grant defendant's motion to dismiss.

## I.  BACKGROUND

In November 2005, Levasseur ran for reelection to the Ward 3 Aldermen's seat in Manchester, N.H.  Compl. ¶ 7.  As part of Levasseur's campaign effort, he hired Spectrum Monthly Printing, Inc. to produce more than two thousand copies of a political pamphlet.  Id. at ¶ 13.  Spectrum delivered the pamphlets, marked "must deliver political mail," to the USPS on November 4 for distribution.  Id.  McCloskey, a USPS employee, worked as a campaign volunteer for Levasseur's opponent, Pat Long.  Id. at ¶ 12.  McCloskey aided Long's campaign by holding up signs on election day (November 8), and may have performed other volunteer services for Long during his campaign.  Id. at ¶ 11.

After the election, which Levasseur lost by seventy votes, Levasseur learned that his pamphlets had never been received by voters.  Id. at ¶ 16.  According to Levasseur, McCloskey either stole or intentionally hid the pamphlets to prevent them from reaching voters before election day.  Id. at ¶ 15, 18.  When Levasseur confronted the USPS about it, the USPS agreed to return his postage and the cost of the mailer in the amount of $974.  Id. at ¶ 17.  As a result of these events, Levasseur claims to have suffered severe anxiety, sleeplessness, and other forms of

-2-

emotional distress.  Id. at ¶ 18.

Levasseur has sued the USPS under the FTCA asserting five claims, all of which stem from defendant's failure to properly deliver Levasseur's pamphlets to voters.  The USPS has moved to dismiss for lack of subject matter jurisdiction.

## II.  **STANDARD OF REVIEW**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) challenges the statutory or constitutional power of the court to adjudicate a particular case.  2 James Wm. Moore et al., Moore's Federal Practice § 12.30[1] (3d ed. 1997).  The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.  See Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).  In resolving the instant motion, I must construe the complaint liberally, treat all well-pleaded facts as true, and view them in the light most favorable to the plaintiff.  See McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006).  "[The] plaintiff, however, may not rest merely on unsupported conclusions or interpretations of law."  Murphy v. United States,

45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted).  Dismissal under Rule 12(b)(1) is appropriate only if the facts alleged in the complaint do not support subject matter jurisdiction even if taken as true.  See Muniz-Rivera v. United States, 326 F.3d 8 (1st Cir. 2003).  I apply this standard in resolving defendant's motion to dismiss.

### III.  DISCUSSION

The USPS argues that the so-called "Postal Matter Exception" to the FTCA's general waiver of sovereign immunity deprives this court of jurisdiction to hear Levasseur's claims because they "aris[e] out of the loss, miscarriage, or negligent transmission of letters or postal matter" as that phrase is used in 28 U.S.C. § 2680(b).  Levasseur responds by claiming that the Postal Matter Exception is inapplicable because the loss of his pamphlets resulted from McCloskey's intentional misconduct.  Because I agree with the USPS, I grant its motion to dismiss.

"It is well settled that the United States, as sovereign, may not be sued without its consent."  See Murphy, 45 F.3d at 522 (citing United States v. Dalm, 494 U.S. 596, 608 (1990)).  Pursuant to the FTCA's broad waiver of sovereign immunity, the

-4-

United States has consented to suit under certain limited circumstances, including actions for damages

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); see also Berkovitz by Berkovitz v. United States, 486 U.S. 531, 535 (1998); C.D. of NYC, Inc. v. U.S. Postal Serv., No. 03-CV-5055(JFK), 2004 WL 2072032, at *3 (S.D.N.Y. Sept. 16, 2004).

This broad waiver is limited, however, by numerous exceptions. Relevant here is the so-called "Postal Matter Exception," which deprives federal courts of jurisdiction to hear claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); Davric Maine Corp. v. U.S. Postal Serv., 238 F.3d 58, 62-63 (1st Cir. 2001). This exception bars suits "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Dolan v. U.S. Postal Serv., 546 U.S. 481, 126 S.Ct. 1252, 1257 (2006). In interpreting the Postal Matter Exception,

the Supreme Court has explained that "mail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address." Id. at 1257.

Levasseur cites dicta in the Second Circuit's opinion in Birnbaum v. United States to support his contention that the Postal Matter Exception does not apply to loss-of-mail claims arising from intentional misconduct.  588 F.2d 319, 328 (2d Cir. 1978).  In that case, individuals sued the United States for invasion of privacy after certain of their letters were opened and copied, then "returned to postal authorities for ultimate delivery," as part of the Central Intelligence Agency's Cold War policy of intercepting mail sent to and from the Soviet Union. Id. at 321.  In dicta, the Second Circuit noted that the Postal Matter Exception "was not aimed to encompass intentional acts" and that Congress would "not have used the term 'negligent transmission'" had it intended to include intentional misconduct. Id. at 328.  Accordingly, the court held that the exception did not apply because the mail in question had not been lost, miscarried, or negligently transmitted.  Id. at 328, 328 n. 20.[1]

---

[1] Avery v. United States, 434 F. Supp. 937, 945 (D. Conn. 1977), on which Levasseur also relies, made the same distinction.

Although this dicta indeed supports Levasseur's position, I find it unpersuasive in light of the language of the exception and the many other decisions that apply the Postal Matter Exception to intentional torts.  See, e.g., Watkins v. United States, No. 02 C 8188, 2003 WL 1906176, at *4 (N.D. Ill. April 17, 2003) (analyzing language of the exception and concluding that "the placement of the word 'negligent' necessarily leads to the conclusion that intentional torts are not excluded").  As the District Court for the Northern District of Illinois persuasively explained when reaching the same conclusion,

> single word adjectives . . . usually appear immediately before the word they modify. . . . On the other hand, it is uncommon to use a single-word adjective to modify separate nouns occurring in a series. . . . Had the drafters intended to completely exclude intentional torts, they would have placed the word "negligent" at the beginning of the section or before each event so that it could be read as applying equally to loss, miscarriage and transmission.  That the drafters chose not to do so leads us to conclude that the claims arising from intentional acts of "loss" or "miscarriage" of mail also are barred under the exception.

Id. (internal quotations and citations omitted).  Furthermore, construing the Postal Matter Exception to exclude intentional torts would encourage litigants to "simply recast their lost-mail claims as ones for mail theft in order to survive the

jurisdictional bar, thus opening the floodgates of litigation and contravening the intent of the exclusion."  Id. at 5.

Although the First Circuit has not yet addressed the question of whether the Postal Matter Exception applies to intentional misconduct, the Second Circuit has repeatedly held that "theft of parcels by a federal employee responsible for the supervision of mail . . . falls within the exception."  C.D. of NYC, Inc. v. U.S. Postal Serv., 157 Fed. Appx. 428, 429 (2nd Cir. 2005) (post-Birnbaum, unpublished opinion affirming dismissal of loss-of-mail claims against USPS because postal exception barred claims for packages allegedly stolen from the mail); Marine Ins. Co. v. United States, 378 F.2d 812, 814-15 (2d Cir. 1967) (affirming dismissal of loss-of-mail claims against USPS because postal exception barred suit for mail that "was stolen while it was in the normal flow of mail"); see also Benigni v. United States, 141 F.3d 1167 (8th Cir. 1998), cert. denied 525 U.S. 897 (1998) (affirming dismissal of loss-of-mail claims against United States because postal exception barred suit for intentionally withheld mail that never reached intended recipient).  For the reasons discussed, I conclude that the Postal Matter Exception applies to intentional misconduct.

Here, the USPS received Levasseur's campaign pamphlets, accepted payment and instructions for delivery, but failed to distribute them. Under the Postal Matter Exception, that is all that is required to bar the instant suit.[2]

## IV. CONCLUSION

For the reasons stated, I conclude that this court lacks jurisdiction to hear plaintiff's claims, and I grant defendant's motion to dismiss (Doc. No. 5). The clerk is directed to enter judgment and close the case in accordance with this Memorandum and Order.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 9, 2007

cc:  Charles G. Douglas, III
     Jason R.I. Major, Esq.
     T. David Plourde, Esq.

---

[2] Because I conclude that Levasseur's claims are barred by the Postal Matter Exception, I need not address defendant's other arguments for dismissal.